UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY ALLEN KNIGHT,

          Plaintiff,

v.                                  Case No. 3:22-cv-1374-MMH-LLL

BLAKE A. ORTAGUS,

          Defendant.

_____

**ORDER**

Plaintiff Jerry Allen Knight, an inmate of the Florida penal system, initiated this action on December 14, 2022, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983.[1] Knight names Blake A. Ortagus, an officer with the Jacksonville Sheriff's Office (JSO), as the Defendant. He alleges that on August 30, 2019, at 10:30 p.m., he was taken into JSO custody. Complaint at 4. According to Knight, Ortagus handcuffed him, "struck" him four times in the head with his flashlight, repeatedly kicked him, and placed his fingers in Knight's nostrils. Id. at 5. He states that he suffered lacerations to his head, eyes, and nose, and had a dislocated shoulder. Id. Additionally, he asserts that he was denied medical

_____

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

treatment "though an ambulance was at the scene." Id. As relief, he requests compensatory and punitive damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915A; 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails

---

[2] Knight has neither filed an application to proceed as a pauper nor paid the filing fee.

to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and

quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Knight's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Knight's Complaint is due to be dismissed pursuant to this Court's screening obligation under 28 U.S.C. § 1915A. The main thrust of the Complaint is that Ortagus used excessive force against Knight that evening. Preliminarily, the Court notes that Knight answered "no" to the question

related to whether he had filed other lawsuits in federal court dealing with the same facts involved in this action. Complaint at 9. The Court takes judicial notice of Knight's prior cases filed in this Court: (1) Case No. 3:21-cv-83-MMH-PDB (dismissed without prejudice for failure to file on the approved civil rights complaint form); (2) Case No. 3:21-cv-159-BJD-PDB (dismissed without prejudice for failure to state a claim); and (3) Case No. 3:21-cv-797-MMH-JBT (dismissed without prejudice for failure to state a claim).

The Court dismissed Knight's civil rights action (Case No. 3:21-cv-159-BJD-PDB) against Ortagus, stating that "Plaintiff has failed to allege any facts suggesting that Defendant's use of force was objectively unreasonable under the circumstances, especially in light of the crimes for which Plaintiff was ultimately convicted."[4] Case No. 3:21-cv-159-BJD-PDB, Order of Dismissal Without Prejudice (Doc. 5), filed May 20, 2021, at 3-4. The Court also concluded that Knight failed to allege any facts suggesting that Ortagus was deliberately indifferent to Knight's medical needs. Id. at 4. A few months later, the Court dismissed another civil rights action that Knight initiated against Ortagus, stating in pertinent part:

---

[4] Knight was convicted in state court of the following offenses: (1) aggravated fleeing or attempting to elude a law enforcement officer; (2) battery on a law enforcement officer; and (3) resisting an officer with violence. See State v. Knight, No. 16-2019-CF-009247 (Fla. 4th Cir. Ct.). He is serving a five-year term of incarceration. Id.

Knight sues Ortagus in his official capacity only. Complaint at 2. Where an officer is sued under § 1983 in his official capacity, the suit is actually a proceeding against the entity the officer represents. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Accordingly, Knight's claim against Ortagus in his official capacity as a Jacksonville Sheriff's Officer is actually a claim against the city of Jacksonville. As such, the Court considers Ortagus' official capacity liability in the context of those cases discussing county and municipal liability under § 1983.

To the extent that Knight seeks to hold the city of Jacksonville through Ortagus vicariously liable for the actions or omissions of the employees responsible for Knight's injury, Knight has failed to state a claim upon which relief can be granted. The United States Supreme Court has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Instead, a county or municipality may be liable in a § 1983 action "only where the municipality itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier, 402 F.3d at 1115 (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of

employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

In some circumstances, "the failure to provide proper training may fairly be said to represent a policy for which the city may be held liable if it actually causes injury." City of Canton, 489 U.S. at 390. Failure to train can lead to municipal liability "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388-89 (alteration added). Thus, in order to assert such a claim, a plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit has repeatedly held that "without notice of a need to train or supervise in a particular

area, a municipality is not liable as a matter of law for any failure to train or supervise." Id. at 1351. Indeed, "the need for such training must be plainly obvious to [County] decisionmakers," such as where there is "evidence of a history of widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990) (alteration added); see also Rocker v. City of Ocala, Fla., 355 F. App'x 312, 314 (11th Cir. 2009) (per curiam). Here, Knight fails to allege the existence of any particular custom or policy in Jacksonville, much less one that caused the actions about which he complains.

Additionally, Knight's allegations are conclusory and vague, which are insufficient to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., 49 F.3d at 684. Knight has failed to allege facts concerning Ortagus' subjective state of mind and, therefore, has failed to establish an element of an excessive force claim. See Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020) (noting that the subjective element of an excessive force claim requires a plaintiff to allege the force was applied in a malicious or sadistic manner). Accordingly, Knight has failed to state a claim upon which relief can be granted; therefore, Ortagus is due to be dismissed from this action.

Case No. 3:21-cv-797-MMH-JBT, Order (Doc. 2), filed August 26, 2021, at 4-8 (footnote omitted).

Over one year later, Knight filed the instant action. He provides strikingly similar allegations to those he presented in his previous civil rights cases. Again, he names Ortagus as the Defendant, and sues him in his official capacity. He fails to allege the existence of any particular custom or policy in Jacksonville, much less one that caused the actions about which he complains.

9

Additionally, he provides no facts suggesting that Ortagus' use of force was objectively unreasonable under the circumstances that evolved on the scene that night. Insofar as Knight blames Ortagus for the denial of medical treatment, Knight provides no facts suggesting that Ortagus was deliberately indifferent to his medical needs.

As the Court concluded in Knight's prior civil rights actions involving the same incident, Knight's assertions fail to state a claim under section 1983 against Defendant Ortagus. Thus, this case will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to Knight's right to refile claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. Additionally, if Knight decides to refile, he must truthfully answer all of the questions on the complaint form, including those associated with the filing of previous lawsuits. Finally, if he refiles, he should consider the applicable four-year statute of limitations.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1.     This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § § 1915A(b)(1).

2.     The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3.     The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims or pursue other claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims or pursue other claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $402.00 filing fee (if he does not desire to proceed as a pauper). Finally, he must sign his name on the forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of December, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

11

Jax-1 12/16
c:
Jerry Allen Knight  #J06893